## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-mc- 182-RBJ

Request for International Judicial Assistance From Seoul Central District Court, Seoul, Korea, Republic of Korea, *Chi Hyung Song v. LG Electronics, Co., Ltd.*, Case No.: 2017 kahap 542241

_____

### APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782(a)

_____

The United States of America, through counsel, applies to this Court under

28 U.S.C. § 1782(a), for an order appointing the undersigned Assistant United States Attorney Juan

G. Villaseñor as Commissioner to obtain information from Mpeg LA, LLC, regarding royalty

payments paid by Mpeg LA, LLC ("Mpeg"), to LG Electronics, Co., Ltd.

The United States seeks the appointment under the Hague Convention on the Taking of

Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), 23 U.S.T. 2555 (Oct. 7,

1972), to have Mpeg supply this information regarding royalty payments.  The information regarding

royalty payments has been requested by the Seoul Central District Court, 157, Seocho jungang-ro,

Seochogu, Seoul, Korea.  The case before the Seoul Central District Court is in regard to allegations

by the plaintiff, Chi Hyung Song, that the defendant, LG Electronics, Co., Ltd., neglected to pay to

the plaintiff royalty income the defendant earned by using the patent the plaintiff had invented.  Ex.

1 ¶ 7.b.

## I.    STATEMENT OF FACTS

The Request for International Judicial Assistance from the Seoul Central District Court,

Seoul, Korea ("Korean court"), was ultimately transmitted to the Office of International Judicial

Assistance, United States Department of Justice ("OIJA"), and to this Office.

The undersigned mailed Mpeg multiple interrogatories as the Korean court requested, but Mpeg responded to them by stating the information sought was "Confidential and cannot be voluntarily disclosed by Mpeg, LA." Mpeg's general counsel, however, stated that the company would provide the information if presented with a subpoena. The undersigned may only issue a subpoena if the Court appoints him as Commissioner under the Hague Convention.

## II.   ARGUMENT

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U. S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  Both the United States of America and the Republic of Korea are signatories to the Hague Convention. *American River Transportation Co. v. M/V Bow Lion*, No. Civ.A. 03-1306, et al., 2004 WL 764181, at *2 (E.D. La. April 7, 2004); *see also Carrico v. Samsung Electronics Co., Ltd.*, No. 15-cv-02087-DMR, 2016 WL 2654392, at *4 (N.D. Cal. May 10, 2016) (holding that the Republic of Korea is a signatory to the Hague Convention); *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd.*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *3 (D. Colo. June 8, 2015) (holding that both the United States and South Korea are signatories to the Hague Convention), *adopting report and recommendation*, *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd.*, 2015 WL 4162586 (D. Colo. July 9, 2015).

Article 2 of the Hague Convention requires a "Contracting State" like the United States to designate a "Central Authority" to receive Letters of Request coming from a judicial authority of another Contracting State and to transmit them to the authority competent to execute them." Art. 2.  In the United States, the Central Authority's functions rest with the Assistant Attorney General of the Civil Division of the United States Department of Justice.  28 C.F.R. § 0.49(a).

Article 17 of the Hague Convention authorizes a "competent authority" to appoint a person as "commissioner" for the purpose of taking evidence in aid of proceedings in another contracting

state.  Art. 17.  The United States has enacted section 1782 of Title 28 to implement its obligations under the Hague Convention.  Under subsection 1782(a), the "competent authority" is the "district court of the district in which a person resides."  28 U.S.C. § 1782(a).

Once the competent authority has given its permission, the appointed commissioner may take evidence in compliance with the conditions set forth by the competent authority.

> In a civil or commercial matter, a person duly appointed as a commissioner for the purpose may, without compulsion, take evidence in the territory of a Contracting State in aid of proceedings commenced in the courts of another Contracting State if -
>
> (a)  a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and
>
> (b)  he complies with the conditions which the competent authority has specified in the permission.
>
> A Contracting State may declare that evidence may be taken under this Article without its prior permission.

Art. 17.

Subsection 1782(a) also authorizes the appointment of a person so that the evidence sought, or testimony requested, may be given to that person:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal . . . and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.

28 U.S.C. § 1782(a).

The objective of § 1782 is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004) (citation omitted). Notably, "in a § 1782 proceeding, nothing is to be done on the merits." *In re Application of the Republic of Ecuador*, 735 F.3d 1179, 1182 (10th Cir. 2013) (citation omitted). "The only issue before the district court is discovery; the underlying litigation rests before a foreign tribunal." *Id.* (citations omitted).

Before issuing the order, the district court must determine that certain requirements are met. The pertinent requirements are described below.

## A.     Statutory Requirements

Before allowing the requested discovery, the district court must find that the requirements in § 1782 are met. Those requirements are: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re Perez Pallares*, No. 10-cv-02528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 83 (2d Cir. 2004)).

The request for international judicial assistance from the Korean court meets each of the statutory requirements: First, Mpeg, the entity from whom the information regarding royalty payments is sought, has its place of business in Colorado. Second, the information regarding the amount and calculation of royalty payments is for use in the lawsuit before the Korean court. The information sought is relevant to the dispute regarding the plaintiff's allegations that the defendant "did not make any compensation to the plaintiff, even though the defendant earned a huge amount

4

of huge royalty income every year by using the patent which the plaintiff invented." Third, the application is made by a foreign tribunal.

## B.    Discretionary Requirements

The Supreme Court has also set forth five discretionary factors for a district court to consider before allowing the discovery of evidence.  These factors are:  (1) whether the party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdiction of the foreign tribunal; (2) the nature and character of the foreign proceedings; (3) the receptivity of the foreign tribunal abroad to U.S. federal court judicial assistance; (4) whether the request is an attempt to circumvent foreign discovery restrictions; and (5) whether the request is unduly intrusive or burdensome.  *Intel Corp.*, 542 U.S. at 264-65; *see also Campos-Alvarez v. Newmont Mining Corporation*, No. 1:14-cv-00208-REB, 2015 WL 1228262, at *2 (D. Colo. March 16, 2015).

Application of the five factors favors granting the application. First, while Mpeg is not a party to the foreign lawsuit, the information to which it has access is necessary to resolve the dispute before the Korean court.  In this regard, the "true question . . . is whether the requested discovery is available to the foreign tribunal without the assistance of this Court."  *In re Request for Judicial Assistance from the District Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010). The Korean court has no jurisdiction over Mpeg, which is located in Colorado; therefore, the assistance of this Court is needed to make the requested discovery available to the Korean court.

Second, there is nothing in the application materials to suggest that this Court should decline to grant the application based on the nature of the Korean court or the character of the proceedings. *See Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd.*, 2015 WL 4237950, at *3 (holding that both the United States and South Korea are signatories to the Hague Convention).

Third, it is clear that the Korean court will be receptive to this Court's assistance, given that it requested the assistance from OIJA.  Ex. 1; *see also In re Request for Judicial Assistance from the District*

*Court in Svitavy, Czech Republic,* 748 F. Supp. 2d at 527 (holding that the Svitavy Court is clearly receptive as it initiated the request.).

Fourth, there is nothing in the application materials from the Korean court to suggest that it "is attempting to circumvent foreign proof-gathering restrictions." *Id.* "[T]he fact that the request was initiated by the [Korean] court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent [Korean] discovery rules or [Korean] policy." *Id.* at 529 (noting the fact that request was initiated by the Svitavy court itself assured that the request was not attempt to circumvent Czech discovery rules or policy.).

Fifth, the discovery request from the Korean court is not unduly intrusive or burdensome. The Korean court's request for information is very specific:  (1) it narrows its requests regarding royalty payments to one specific patent (US 6,862,043), and its family of patents, identified as KR 252994 and CN 01179552; (2) the court then asks — if applicable — why the patents did not earn any royalties.  Ex. 1 ¶ 8.a.  These records appear to be relevant to the proceedings before the Korean court.  Furthermore, given the limited amount of information sought, the production of such is not overly burdensome.  *See Ovard v. Summit County,* No. 2:11-cv-00592-RJS-DBP, 2012 WL 5903847, at **2, 3 (D. Utah Nov. 26, 2012) (holding in the context of a discrimination case, that the request for employment records of five to nine employees was relevant and not overly burdensome).

### C.    The Information Will Be Obtained by Following Fed. R. Civ. P. 33 or 45

Article 9 of the Hague Convention provides that the judicial authority executing a letter of request from a foreign tribunal must "follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution . . . ."  Art. 9.

The request from the Korean court does not specify any certain procedures that must be followed in obtaining the information regarding the royalty payments.  In fact, the Korean court

acknowledges that the request for the evidence may be taken in such manner as provided by local law.  Ex. 1 ¶¶ 12, 13.  Moreover, section 1782 provides, in pertinent part, that "the testimony or statement shall be taken, and the document or other thing produced in accordance with the Federal Rules of Civil Procedure."  28 U.S.C. § 1782(a).

In light of the foregoing, the Federal Rules of Civil Procedure govern the procedures to obtain the evidence that the Korean court requests.  *See In re Letter Rogatory from Local Court of Ludwigsburg, Fed. Republic of Germany in the Matter of Smith*, 154 F.R.D. 196, 200 (N.D. Ill. 1994) ("Under Article 9, the Federal Rules of Civil Procedure govern the procedures to be used in acquiring the evidence requested.").

Because the United States seeks appointment of the undersigned as Commissioner, these limited proceedings may be ex parte.  The undersigned will require Mpeg to produce the requested information via interrogatories or subpoena under to Fed. R. Civ. P. 33 or 45, respectively, at a date and time to be determined by the Commissioner after consulting with Mpeg's counsel.  If Mpeg has any objections, it will be able to raise them in its responses and with the Court at the appropriate time.

## III.   CONCLUSION

For the reasons set forth above, the United States respectfully requests that the application for an Order appointing Assistant United States Attorney Juan G. Villaseñor as Commissioner be granted as set forth in the attached proposed order.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney


s/ Juan G. Villaseñor
JUAN G. VILLASEÑOR
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0185
E-mail:  juan.villaseñor@usdoj.gov